**Anthony DeCIANTIS**

v.

**STATE.**

**No. 91–215–C.A.**

Supreme Court of Rhode Island.

Dec. 4, 1991.

James E. O'Neil, Atty. Gen., Joseph P. Youngs, III, Sp. Asst. Atty. Gen., Jeffrey Greer, Asst. Atty. Gen., for respondent.

Arthur Chatfield, III, Providence, for petitioner.

OPINION

PER CURIAM.

The petitioner, Anthony DeCiantis, appeals from a Superior Court judgment denying his application for postconviction relief. For the reasons stated herein, the petitioner's appeal is denied and dismissed.

On June 7, 1984, petitioner was convicted of first-degree murder in a trial held in the Superior Court. He received a sentence of life imprisonment. The petitioner appealed his conviction before this court, which denied and dismissed the appeal in an opinion filed on November 13, 1985. *State v. DeCiantis,* 501 A.2d 365 (R.I.1985).

The petitioner filed an application for postconviction relief in the Superior Court on November 27, 1985. The state responded with a motion for summary judgment filed on August 6, 1986, which was granted by the trial justice. The petitioner thereafter appealed to this court, which on February 11, 1988, vacated the order granting summary judgment and remanded the case

back to the Superior Court so that petitioner may have the opportunity to present evidence with respect to his November 27, 1985 application for postconviction relief.

On March 23, 1990, petitioner filed an amended application. On June 21, 1990, a default judgment was entered against the state. However, following a hearing on February 4, 1991, the Superior Court vacated the default judgment and denied petitioner's application for postconviction relief.

■ The petitioner argues that the trial justice's instructions to the jury were erroneous and prejudicial in that they pertained to aiding and abetting and the indictment merely charged petitioner with murder, with no codefendants named therein. The evidence presented at trial indicated that petitioner stabbed the victim, Dennis Roche (Roche), whereas one Ricky Silva shot Roche. In addition there was evidence that petitioner ran over Roche with his vehicle.

■ We have previously held that "one who aids and abets in the commission of a crime and is also present at the scene may be charged and convicted as a principal." *State v. McMaugh*, 512 A.2d 824, 831 (R.I.1986). Given the evidence of petitioner's presence at the scene of Roche's murder and his participation therein, it was indeed proper for the trial justice to instruct the jury on aiding and abetting.

The petitioner also contends that he received ineffective assistance of counsel, which ultimately proved to be prejudicial since defense counsel failed to object when the jury instruction on aiding and abetting was given. To sustain an argument of ineffective assistance of counsel, petitioner must satisfy a two-part test. "First, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable." *Brown v. Moran*, 534 A.2d 180, 182 (R.I.1987) (quoting *Strickland v. Washington*, 466 U.S. 668, 687, 104 S.Ct. 2052, 2064, 80 L.Ed.2d 674, 693 (1984)).

Given our finding that the trial justice's instruction to the jury with respect to aiding and abetting was proper, it logically follows that defense counsel's failure to object thereto was also proper. Defense counsel's failure to object to the trial justice's instruction to the jury was therefore nondeficient and nonprejudicial to the petitioner's case. Consequently the two-part test of *Strickland* has not been satisfied.

Accordingly the petitioner's appeal is denied and dismissed.